## PHELPS v. ELLIOTT.

*(Circuit Court, S. D. New York. March 16, 1887.)*

EQUITY—PLEADING—WITHDRAWAL OF ANSWER—DEMURRER.

Defendant answered the bill, and issue was joined by replication. Thereafter, a co-defendant, named in the bill, but not served with process, became a party, and on demurrer the bill was dismissed as against him. *Held*, that defendant would not be allowed to withdraw his answer and demur to the bill when the dismissal as to his co-defendant had not altered the position in which he stood at the time of the answer, and any question which could be raised by demurrer might be raised on final hearing.

In Equity.

*Herbert B. Titus*, for plaintiff.

*William G. Choate*, for defendant.

WHEELER, J. The defendant has answered the bill, and issue has been joined by replication. Since the joinder of issue, one Kieckhoefer, named in the bill, but not served with process, became a party defendant, and demurred to the bill. His demurrer was sustained on a statute of limitations, and the bill dismissed as to him. 29 Fed. Rep. 53. On settlement of the order it was claimed that the bill, on the adjudication of insufficiency as to Kieckhoefer, should be dismissed as to all, which was denied. The defendant then moved for leave to amend his answer, which was denied. He now moves for leave to withdraw his answer and demur. This motion is urged principally upon the ground that a new case has been made by what Kieckhoefer has done in it. The case does not, however, appear to stand differently now from the manner in which it stood when the defendant answered the bill. Kieckhoefer was not a party then, and is not now. If he was a necessary party when he became one, or has been since, he was when the defendant answered, and his absence as a ground of demurrer was the same then as now. That Kieckhoefer's demurrer was sustained does not show that one by the defendant would be, for the suit was commenced against the defendant about two years before Kieckhoefer became a party to it. If the motion should be granted, and the demurrer be overruled, the defendant would then, by equity rule 34, be entitled to answer the bill again. Thus indirectly he would obtain that which the court has re-

fused to grant when asked for directly. It is not understood that any question can be raised by demurrer to the bill that cannot be raised on final hearing on bill, answer, and proofs. The rights of the parties are supposed to stand upon the sufficiency of the allegations in the bill throughout. A demurrer would be an experiment. The saving which might be made in expense by it is not made to appear to be sufficient to warrant trying it. Justice can probably be as well done by pursuing the usual course, on which the defendant started. Motion denied.